IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR A. GRANA, § | |
|    Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-17-2509 |
| § | |
| LORIE DAVIS, § | |
|    Director of the Texas Department § | |
|    of Criminal Justice - Correctional § | |
|    Institutions Division, § | |
|      Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Victor A. Grana's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 has been referred to this Magistrate Judge for report and recommendation (Dkt. 5).

Grana is in pre-trial custody at the Harris County Jail. Grana alleges that he is being held in violation of his Constitutional rights due to excessive bail, lack of evidence, and failure of the trial court to hear his motions for relief. Section 2241 of Title 28 is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, a Texas detainee first is required to exhaust his state remedies by presenting his claims in a procedurally correct manner to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 794-95 (5th Cir. 1993). Grana has not presented his claims pursuant to Texas Code of Criminal Procedure articles 11.08 or 11.09, or through a writ of mandamus. It appears Grana has not pursued any relief in state court based on the allegations in his petition (Dkt. 1). The court recommends that Grana's petition for writ of

habeas corpus be dismissed without prejudice for failure to exhaust his state court remedies.[1]

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed at Houston, Texas on September 13, 2017.

Stephen Wm Smith
United States Magistrate Judge

---

[1] To the extent Grana is seeking not just release on bond but to enjoin the state criminal proceeding, his petition is barred by the *Younger* doctrine. *See Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 629 (E.D. La. 2013).